**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-10155 |
| Plaintiff-Appellee, | D.C. No. 2:21-cr-00209-JCM-BNW-1 |
| v. | |
| JOEY VALROBERT PAGTULINGAN, AKA Joey U. Pagtulingan, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted February 14, 2023[**]

Before:     FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Joey Valrobert Pagtulingan appeals from the district court's judgment and

challenges the 51-month sentence and 3-year term of supervised release imposed

following his guilty-plea conviction for being a felon in possession of a firearm, in

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We affirm but remand for the district court to correct the judgment.

Pagtulingan argues that the district court procedurally erred by failing to address his arguments for a lower sentence and explain the sentence adequately. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The district court reviewed the parties' sentencing memoranda and heard extensive argument from Pagtulingan before concluding that a within-Guidelines sentence was warranted under the 18 U.S.C. § 3553(a) factors. The court's explanation, while brief, was sufficient. *See Rita v. United States,* 551 U.S. 338, 358-59 (2007). Further, Pagtulingan has not shown a reasonable probability that he would have received a lower sentence had the district court said more. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Pagtulingan next contends that his sentence is substantively unreasonable in light of his mitigating circumstances. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The custodial sentence and term of supervised release are substantively reasonable in light of the § 3553(a) factors and the totality of the circumstances, including Pagtulingan's criminal history, offense conduct, and poor performance on supervision. *See id*.

Lastly, we agree with Pagtulingan that remand is warranted so that the district court can make the written judgment consistent with the unambiguous oral

pronouncement at sentencing that probation will take into consideration Pagtulingan's financial condition when enforcing special conditions of supervised release 2, 3, and 5. *See United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015). In addition, the court should correct the apparent omissions in special condition 5 in a manner consistent with *United States v. Nishida*, 53 F.4th 1144, 1151-55 (9th Cir. 2022).

**AFFIRMED; REMANDED to correct the judgment.**

22-10155